UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ/GARBER(S)

UNITED STATES OF AMERICA,
        Plaintiff,

v.

CHARLES CLAY,
        Defendant.

---

### GOVERNMENT'S APPEAL OF THE MAGISTRATE-JUDGE ORDER DATED MAY 30, 2001, GRANTING IN PART THE DEFENDANT'S MOTION FOR DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

The United States of America, through its undersigned Assistant United States Attorneys, respectfully files this appeal of the Magistrate-Judge Order dated May 30, 2001, granting in part the defendant's motion for discovery. For the reasons set forth below, the government submits that the Magistrate-Judge's Order compelling the government to provide further discovery should be reversed and the defendant's motion for discovery should be denied.

In the Magistrate-Judge's Order, the court granted the defendant's omnibus discovery in part and denied it in part.[1] Specifically, notwithstanding the fact that the Magistrate-Judge found that the government has met its obligations under F.R.Evid. Rule 404(B), the court ordered the government

---

[1] The government had opposed the granting of the defendant's request for discovery, other than the government's assurance that it would continue to meet its *Brady* obligations (D.E. 416).

to provide the defendant with any statements or reports regarding that 404(b) evidence.[2] Secondly, the court has directed that the government is to determine whether any of its witnesses are agreeable to be interviewed by defense counsel and advise the defense of the witnesses' decisions.

The government submits that both portions of the Magistrate-Judge's Order are in error and far exceed the government's discovery obligations.

### 404(b) Evidence

As the Magistrate-Judge himself recognized, the government has fully met its obligations under F.R.Evid. Rule 404 (b). Any statements or reports concerning this 404(b) evidence would, at best, be *Jencks* material, which would not be discoverable unless and until that witness testifies at trial. 18 U.S.C. 3500. F.R.Crim.P. 16(a)(2).[3]

There is absolutely no authority to require the government to produce these reports or statements concerning the 404(b) evidence pretrial. By their production they would as well identify the government witnesses, which is also inappropriate and that issue is addressed below. The government respectfully requests that this Court reverse the Magistrate-Judge's Order concerning the reports and statements.

### Interview of witnesses by Defense

The Magistrate-Judge's Order requires the government to inquire of all of its witnesses whether they wish to be interviewed by defense counsel and inform defense counsel of their decision.

---

[2] The defendant's discovery motion did not even request these documents.

[3] And if the witness does not testify at trial, those statement and reports would never be required to be produced.

2

At the hearing on defendant's omnibus discovery motion, that government stated that they would make this inquiry of Mr. Kleber.[4] Further, the government has no objection to making this type of inquiry of those witnesses whom the government has already disclosed their identity through discovery under paragraphs D and E of the Standing Discovery Order (SDO): Louis Maione and Al Polito.

However, in order to comply with this provision of the Magistrate-Judge's Order, it would require the government to identify its witnesses, in essence providing a witness list. There is no provision either under Rule 16, F.R.Crim.P. nor the SDOP that requires the government to do so. And as the case law has held, the government is not required to provide a witness list to defense counsel. See *United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983); *United States v. Watts*, 95 F.3d 617, 619 (7th Cir. 1996); *United States v. House*, 939 F.2d 659, 663 (8th Cir. 1991).

Finally, in this present matter, the disclosure of the identity of the government witnesses is inappropriate and could cause danger to those witnesses. Not only does the indictment contain allegations of these defendants' membership and association with the Trafficante Organized Crime Family, but the underlying crimes of extortion and collection of unlawful debts displays some of the defendants' propensity for violence.

---

[4] This relates to the 404(b) evidence.

CONCLUSION

WHEREFORE, for the foregoing reasons and those contained in the government's response to the defendant's omnibus motion for discovery, the government respectfully requests that this Honorable Court reverse the Order of the Magistrate-Judge and deny the defendant's omnibus motion for discovery.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 7th day of June, 2001 to:

David Rothman, Esq.
First Union Financial Ctr.
200 S Biscayne Blvd.,
Ste 2690
Miami, FL 33131
(Counsel for John Mamone)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Blvd
Miami, FL 33132
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Donald R. Spadaro, Esq.
1000 S. Federal Hwy., Ste 103
Fort Lauderdale, FL 33316
(Counsel for Julius Chiusano)

Brian L. Tannebaum, Esq.
First Union Financial Center 200
South Biscayne Blvd., Ste. 2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Michael Tarre, Esq.
Two S. Biscayne Blvd. #3250
Miami, FL 33131
(Counsel for Jeffrey Bass)

John F. Cotrone, Esq.
509 S.E. 9th St., Suite 1
Fort Lauderdale, FL 33316
(Counsel for Frederick Scarola)

Charles Wender, Esq.
190 W. Palmetto Park Road
Boca Raton, FL 33432
(Counsel for Giuseppe Bellitto)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Peter Raben, Esq.
200 South Biscayne Blvd.,
Suite 5100
Miami, FL 33131-2310
(Counsel for Paul DiFilippi)

Neil M. Mameroff, Esq.
100 S.E. 2nd Ave., Suite 3350
Miami, FL 33131
(Counsel for Anson Klinger)

Jeffrey M. Harris, Esq.
One East Broward Blvd., #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Richard Hamar, Esq.
Maria Hamar, Esq.
2437 Briarcrest Rd.
Beverly Hills, CA 90210
(Counsel for Charles Clay)

Charles G. White, Esq.
2250 SW 3rd Ave., Ste. 150
Miami, FL 33129
(Counsel for Peggy Preston)

Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

David G. Vinikoor, Esq.
420 S.E. 12th Street
Fort Lauderdale, FL 33316
(Counsel for Jacolyn Baruch)

DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY