UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                 CASE NO. 00-6309-CR-SEITZ

CHARLES CLAY
        Defendant.
_____/

### RESPONSE TO GOVERNMENT'S APPEAL OF
### MAGISTRATE-JUDGE ORDER OF MAY 30TH
### AND DEFENDANT'S CROSS APPEAL

    The United States has filed an appeal claiming that Judge Garber erred when he directed the government to disclose information needed by the defense in order to confront 15 year old allegations of misconduct by Defendant Charles Clay. For the reasons detailed below, the defendant asks that the Court's decision be affirmed.

    1. Up until his indictment, Charles Clay was a highly decorated[1] and well respected officer with the City of Margate Police Department. He stands accused of providing protection to a gambling enterprise based upon recorded conversations between a co-defendant, Frederick Scarola, and a government informant. In these

---

[1] Clay received Margate's medal of valor for his single-handed apprehension of bank robbers following a shootout in which one of the robbers was shot. He was also commended by the FBI.

1

conversations Scarola tells the informant that a city of Margate police officer warned him that a particular check cashing store was under surveillance by the FBI. Scarola does not identify the officer in these conversations nor is the officer's name mentioned in any other recording. Moreover the government does not possess a single witness who will testify that Charles Clay was a member of the Raffa racketeering enterprise.

2. On March 29, 2001 the government informed the defense that it intended to offer into evidence at trial testimony that somewhere between 1985 and 1987 then patrolman Charles Clay received $15,000 to provide protection to a drug trafficking organization. In subsequent conversations the government revealed that this organization was headed by Henry Kleber and that Kleber would be a witness against Mr. Clay.[2]

3. In response to that disclosure the defense requested that the United States provide further information. The government refused and counsel filed a motion with this Court. Subsequently Judge Garber conducted a hearing and heard first hand

---

[2] Counsel has just recently learned that Henry Kleber is currently free on a $25,000 bond arising out of second degree murder charges pending against him in Broward County. The State alleges that Kleber murdered Mathew Kulungian, an associate who had demanded that Kleber pay for drugs Kulungian fronted to Kleber to sell. Because this information has just come to defense counsel's attention it was not the subject of counsel's initial omnibus discovery request. Given the pendency of the current murder charges, it is quite likely that Kleber is making these allegations in the hope of obtaining some sort of consideration from the state authorities.

how the defendant would be prejudiced if the government were not compelled to provide additional information concerning these 15 year old allegations. The Court agreed with the defense and on May 30, 2001 directed the United States to disclose to the defense "any statements or reports regarding the 1987 incident sought to be offered pursuant to 404(b)..."

4. Because the government has not provided this Court with a transcript of that hearing, it is necessary for the defense to explain to this Court the extent of the prejudice threatened by the introduction of this 404(b) evidence and why it is so critical for the government to disclose the additional information sought by the defense.

5. The allegations made by Mr. Kleber have the potential to become the central issue to be considered by the jury. It must be remembered there is no live witness who will testify that Charles Clay was paid anything by anyone to provide information to Frederick Scarola. By contrast Henry Kleber will testify that he paid Officer Clay $15,000 to protect a drug trafficking organization. So the testimony regarding the 1985-87 incident will be far more dramatic and direct than any evidence the government has to offer as to charges in the indictment. Second, Kleber's allegations concern Clay's protection of a drug trafficking organization. This in contrast to the instant indictment which pertains to a gambling enterprise; likely to be viewed by the jury as a far less serious offense. Clay's alleged assistance to drug traffickers has the potential to raise a visceral response not

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA |
| UNITED STATES OF AMERICA, | CASE NO. #00-1122Cr-Seitz |
| Plaintiff, | MAGISTRATE : TURNOFF |
| v. |  |
| IRVIN DAVID, |  |
| Defendant._____/ |  |

## MOTION FOR PERMISSION TO TRAVEL

COMES NOW the Defendant, IRVIN DAVID, by and through his Undersigned Counsel, and respectfully requests this Honorable Court grant permission for the Defendant to travel to DisneyWorld with this children 8, and as grounds therefore would state the following:

1. The above styled matter is next on the docket for August 20, 2001.

2. The Defendant is presently on pretrial release with the typical restrictions on his travel. He has had no problems complying with the conditions of bond.

3. The Defendant requests permission to travel to DisneyWorld in Orlando, Florida, with his children.

4. The Defendant wishes to depart on Friday, June 22, 2001, and will return on Sunday, June 24, 2001.

5. For the duration of the trip Mr. David and his family will be staying at the Walt Disney Properties Animal Kingdom. An itinerary may be provided to Pre-trial Services upon request.

6. Undersigned counsel attempted to contact Pretrial services Officer John Hensen at

(305) 808-6548 regarding his position on this matter, but at the filing of this motion was unable to speak with him.

7. Undersigned counsel has contacted Assistant United States Richard Gregorie pursuant to Rule 10G, and he has no objection to this request for travel.

WHEREFORE, the Defendant, IRVIN DAVID, would pray this Honorable Court grant her Motion to Travel and allow him to travel on the above stated occasion.

I HEREBY CERTIFY that a copy of the foregoing Motion has been provided by U.S. Mail and facsimile to c/o the Office of the United States Attorney, and to Pretrial Services, One N.E. 1st Street, Miami, Florida, this 30 day of June, 2001.

Respectfully submitted,

CHRISTOPHER A. GRILLO, P.A.
Counsel for Accused
1 East Broward Boulevard, #700
Fort Lauderdale, FL 33301
(954) 524-1125
Florida Bar No. 302661