NIGHT BOX
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SEP 14 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,
    Plaintiff,
vs.                               CASE NO. 00-6309-CR-SEITZ

CHARLES CLAY,
    Defendant.
_____/

## MOTION IN LIMINE TO EXCLUDE EVIDENCE UNDER
## FEDERAL RULES OF EVIDENCE 402 AND 404(B)

At trial, the defense anticipates that the United States will attempt to offer into evidence various items and some testimony which has no relevance to the charges against Charles Clay. The Defendant respectfully requests that this evidence by excluded.

### I. STATEMENT OF FACTS

In the early morning of October 26, 2000, five special agents of the Federal Bureau of Investigation, and three Broward County Sheriff's Office Deputies armed only with an arrest warrant proceeded to arrest Charles Clay, a police officer with the City of Margate police department. The agents knocked and announced their presence at approximately 7:20.

As a result of the search, the agents seized some guest cards issued to the

1

defendant by various hotels and casinos, as well as two personal checks, one written by the defendant to his girlfriend, and the other, a check written on his mother's account to a cable television company.

## II. MEMORANDUM OF LAW

Under Federal Rule of Evidence 402, evidence with is not relevant is not admissible. To be admissible under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts must satisfy a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) as part of the relevance analysis, there must be sufficient proof so that a jury could find the defendant committed the extrinsic act; (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice,,, and the evidence must meet other requirements of [Federal Rule of Evidence] 403. *United States v. Utter*, 97 F.3d 509, 513 (1996); *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir.) (en banc), *cert denied*, 506 U.S. 942 (1992).

In the instant case the items here do not appear to be evidence of other crimes, wrongs, or acts, period. And the government has not provided notice to the defense of an intent to offer these items under that theory. Indeed, we are at a loss to understand the basis upon which the government will seek to introduce this evidence.

Charles Clay is charged with seeking to assist an illegal gambling enterprise

by providing that enterprise with information concerning surveillance by federal agents of a check cashing store. The fact that the defendant has guest cards issued by casinos is not probative of any issue pertaining to that charge. The same can be said as to the two checks found in his home. Neither have anything to do with this case. Thus it would appear that these items are indadmissible under Rule 402.

Respectfully submitted,

Richard Hamar, Esq.
Fla. Bar No. 127562
Maria Hamar, Esq.
Fla. Bar.No. 367214
2437 Briarcrest Rd.
Beverly Hills, CA 90210
310.550.0460 office

Jon May, Esq
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, Fla. 33301.
Fla. Bar No. 276571
954.761.7201 office
954.767.8343 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2001, a true and correct copy of the foregoing was sent by U.S. mail to:

Assistant U.S. Attorney
Brian McCormick
299 East Broward Blvd.
Fort Lauderdale, Fla. 33301

Jon May, Esq.