UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ



UNITED STATES OF AMERICA,

vs.

CHARLES CLAY,
_____/

## ORDER DENYING GOVERNMENT'S APPEAL
## OF MAGISTRATE JUDGE'S ORDER OF MAY 30, 2001

This matter is before the Court on the Government's appeal of the Magistrates Judge's Order of May 30, 2001 granting Defendant Clay's Motion for Discovery in part. Specifically the Government appeals the requirements:

(1) That it produce any statements or reports regarding a 1987 incident in which the defendant, while a police officer, allegedly received $15,000.00 for his protection services to a narcotics organization; and

(2) That it inquire of its witnesses to determine if any of them are agreeable to be interviewed by Defendant Clay's counsel, and make such witness available to be interviewed.

The Government does not object to that portion of the order requiring it to produce to Defendant Clay's counsel, any reports regarding statements Defendant Clay made, verbal or otherwise, at or about the time of arrest.

Having reviewed the Government's appeal, Defendant Clay's response, and the transcript of the hearing before Magistrate Judge Garber, the Court finds the Government objections as stated to be without merit[1].

The Court will modify the Magistrate Judge's requirement that the Government ask all of its witnesses regarding their knowledge or lack of knowledge about Defendant Clay. The

---

[1] As to any potential 404(b) evidence, the Government is advised that it is this Court's practice to consider and rule on the admissibility of 404(b) evidence prior to trial to facilitate an efficient and orderly trial, and to avoid undue prejudice and surprise. If the Government intends to introduce any 404(b) evidence, it must be disclosed sufficiently in advance of trial to enable the Court to determine if it is admissible. The Court intends to rule on all 404(b) evidence at the final pretrial conference. Therefore, detailed disclosure should be made at least two weeks prior to that hearing.

Government shall inquire of each witness if he or she has knowledge of Defendant Clay. If the witness answers affirmatively, the Government shall also inquire whether that witness is willing to be interviewed by Defendant Clay's counsel, and if so, make arrangements for the interview. If a witness with knowledge of Defendant Clay's involvement does not wish to be interviewed, the Government will advise Defendant Clay's counsel of these witnesses and that they choose not to be interviewed.

**DONE AND ORDERED** in chambers, at Miami, Florida this _17th_ day of September, 2001.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   The Honorable Barry L. Garber
      Diana L.W. Fernandez, AUSA
      Brian McCormick, AUSA
      Richard Hamar, Esq.
      Jon May, Esq.