UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6309-CR-SEITZ(s)(s)

UNITED STATES OF AMERICA,
           Plaintiff,

v.

CHARLES CLAY,
           Defendant.
_____/

NIGHT BOX FILED
OCT 17 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT CLAY'S MOTION FOR SEVERANCE AND
<u>INCORPORATED MEMORANDUM OF LAW</u>

    The United States of America, through its undersigned Assistant United States Attorneys, files this Response in opposition to defendant Clay's Motion to Sever on the Grounds that a Joint Trial will be Fundamentally Unfair and Deny the Defendant his Sixth Amendment Right to Compulsory Process.

### **Background of the Case**

    Defendant is charged in Counts 2 and 3 of the superseding indictment. Count 2 charges the defendant along with seven other persons with running an illegal gambling business. Count 3 charges the defendant, John Mamone and Frederick Scarola with obstructing state and local law enforcement with the intent to aid a gambling business.

    Prior to the filing of these charges, the defendant had been employed as a police officer by the City of Margate for approximately twenty-five years. For some period prior to

indictment, the defendant had an ongoing relationship with co-defendant Fred Scarola, who was a bookmaker that operated in Margate and elsewhere. Defendant made sports bets with Scarola and settled his bets with Scarola at a restaurant known as Bobby Rubino's in Margate, Florida.

The defendant also protected Scarola's criminal organization by warning him of possible investigations that were being conducted. One such circumstance occurred in late 1999, when the defendant, who was on duty and in a patrol car, observed a vehicle with expired New Jersey license plates parked in the vicinity of a check cashing store located in Margate, Florida. The vehicle, which was being driven by an undercover FBI agent, soon departed the scene. Soon thereafter, the defendant and other police officers in marked units pulled the FBI agent over. There, the defendant questioned the driver and learned that the driver was an FBI agent who was conducting surveillance of the check cashing store. The FBI agent was then permitted to leave the area.[1]

On January 7, 2000, the FBI initiated electronic surveillance of telephones being used by co-defendant John Mamone and Fred

---

[1] Mamone and other members of his organization used the check cashing store known as Check Cashing Unlimited and Gold Coast Check Cashing as a base of operation in conducting illegal activity on behalf of the Trafficante Crime Family, including the collection of gambling debts and loansharking. As charged in the indictment the check cashing store in Margate, as well as other check cashing stores in south Florida, were used to launder proceeds of these activities. Torres and Scarola also used the check cashing store to further their bookmaking operations.

2

Morgenstern. During the course of that surveillance, co-defendant Scarola had a telephone conversation with co-defendant Mamone in which Scarola informed Mamone that he had a source with the police department of Margate who had informed him that the check cashing store was under investigation by the FBI. Scarola detailed to Mamone that the source had stopped an undercover car that had dirty, expired New Jersey license plates. The source had further cautioned Mamone to be careful.

Scarola also informed Al Polito of this in a consensually recorded conversation. At the time, Polito was cooperating with the FBI in this investigation. Again, Scarola confirmed to Polito that his source was a Margate police officer who had discovered that the FBI was conducting surveillance outside of the check cashing store in Margate. Scarola told Polito that he would obtain further information when he meets his source at Bobby Rubino's in Margate on Friday of that week.

At that time, the FBI had initiated electronic surveillance of Torres' telephone. Scarola then contacted Israel "Buddy" Torres who was also a bookmaker, Scarola again informed another bookmaker that Torres should not do any business at the Margate check cashing. Scarola again repeated to Torres about his relationship with the Margate police officer and the details about how the information was learned by him.

3

## **Memorandum of Law**

When a defendant requests severance from a co-defendant on the grounds that the co-defendant would provide favorable or exculpatory evidence for the defendant, if their trials were severed, it is well-settled law that defendant must show: "1) a bona fide need for the testimony; 2) the substance of the desired testimony; 3) its exculpatory nature; and, 4) that a co-defendant would in fact testify if the case were severed." *United States v. Cobb*, 185 F.3d 1193, 1197 (11th Cir. 1999); *United States v. Harris*, 908 F.2d 728, 739 (11th Cir. 1990); *United States v. Funt*, 896 F.2d 1288, 1297 (11th Cir. 1990). Denial of severance rests with the broad discretion of the court. *United States v. Cobb*, 185 F.3d at 1196.

The defendant misses the mark by providing an affidavit from the investigator rather than from co-defendant Scarola. An affidavit from the co-defendant would at least have permitted the Court to evaluate the statement and assess whether the statement of a co-defendant is worthy of consideration. In this case, the statement of the investigator completely insulates the co-defendant and eliminates the ability of the Court to apply the threshold standards. Even if the affidavit were acceptable, the fact the Scarola did not make any admissions to the investigator against his own penal interests renders the entire statement made be Scarola to the investigator not worthy of belief. *United States v. Harris*,

4

908 F.2d at 739.

In fact, according to the investigator, Scarola merely stated that "the information contained in the recordings was not true," claiming the "he was boasting when had received the information from a friend that was a Margate cop." He also told the investigator that he only knew the defendant from "seeing him" at a local restaurant. Finally, the investigator stated that Scarola obtained the information that he spoke about in the recorded conversation for a bartender at the restaurant, but doesn't even identify that employee by name. The entire statement by Scarola lacks credibility and should not form a basis for severance. Moreover, Scarola merely makes general statements characterizing the evidence against him and the defendant. For that reason alone the Court should find the grounds are insufficient to grant severance.

More importantly, the defendant has completely failed to satisfy the last of the four threshold requirements required to be established before the Court makes its own evaluation. In the abbreviated affidavit, Mr. Venturi makes no claim that the co-defendant will testify if severance were granted. Apparently either Scarola has refused to testify or he was not asked. In either case, the defendant has failed to satisfy this important requirement. *United States v. Adams*, 1 F.3d 1566, 1579 (11th Cir. 1993).

Accordingly, for the reasons set forth above, the defendant's motion for severance should be denied in all respects.

### Conclusion

WHEREFORE, for all the foregoing reasons, the government respectfully requests that this Honorable Court deny defendant Clay's motion for severance.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230


By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

6

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 17't day of October, 2001 to:

David Rothman, Esq.
First Union Financial Ctr.
200 S Biscayne Blvd., Ste 2690
Miami, FL 33131
(Counsel for John Mamone)

Jayne Weintraub, Esq.
100 S.E. 2nd St., Suite 3550
Miami, FL 33131
(Counsel for Joseph Russo)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Blvd
Miami, FL 33132
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Brian L. Tannebaum, Esq.
First Union Financial Center
200 South Biscayne Blvd.,#2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Jeffrey M. Harris, Esq.
One East Broward Blvd., #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Kenneth M. Swartz, Esq.
100 N. Biscayne Blvd.
21st Floor, New World Tower
Miami, FL 33132
(Counsel for John O'Sullivan)

Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Joseph S. Rosenbaum, Esq.
2400 South Dixie Highway, Suite 105
Miami, FL 33133
(Counsel for Anson Klinger)

David Tarlow, Esq.
801 Brickell Avenue, Suite 1901
Miami, FL 33131-2900
(Counsel for Frederick Scarola)

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Howard Srebnick, Esq.
201 S. Biscayne Blvd., Suite 1300
Miami, FL 33131
(Counsel for Doreen Russo)

DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY