UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6309-CR-SEITZ(s)(s)

UNITED STATES OF AMERICA,
        Plaintiff,

v.

CHARLES CLAY,
        Defendant.
_____/

NIGHT BOX FILED
OCT 23 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT CLAY'S MOTION TO SUPPRESS POST-ARREST STATEMENTS AND INCORPORATED MEMORANDUM OF LAW

The United States of America, through its undersigned Assistant United States Attorneys, files this response in opposition to defendant Clay's Motion to Suppress Post-Arrest Statements on the Grounds that they were Elicited in violation of his Miranda Rights. For the reasons set forth below, the government submits that the defendant's motion should be denied.

### Statement of Facts

Special Agents of the Federal Bureau of Investigation (FBI), along with Broward Sheriff's Deputies, first arrived at the defendant's residence at approximately 5:00 a.m. on October 26, 2000. The agents had an arrest warrant which had been issued pursuant to the indictment and they were aware that the defendant was a veteran police officer of twenty-five years with the Margate Police Department and therefore authorized to carry a weapon. Despite repeated knocking on the door and windows and announcing their presence, as well as attempts to call the defendant on his

OCT 25 2001
Rec'd in MIA DKT _____

telephone, he did not respond until approximately 7:20 a.m. as the agents were preparing to forcefully enter the premises.

When the defendant finally opened the door, clad in his underwear, and was placed under arrest, he was informed by a FBI special agent of the charges in the indictment. The defendant stated that he was confused as to how he (the defendant) could be involved. The special agent responded that it had to do with the defendant's dealings with Freddie Scarola (a codefendant). The defendant then volunteered that he had never heard of and did not know anyone by the name of Freddie Scarola.

An immediate protective sweep was made of the defendant's residence to ensure that there were no other persons present and the defendant was permitted to get dressed. The defendant then departed under arrest in the agents' vehicle.

The entire procedure from the time the defendant was placed under arrest until they departed his residence took approximately twenty minutes.

Once in the agents' vehicle, the defendant was advised of his rights and he requested an attorney. No questioning of the defendant occurred. The defendant then inquired about the charges, the nature of the case, and who else was to be arrested that morning. An FBI special agent read the list of the other defendants from the indictment. The defendant stated that he did not know any of the people named, including Freddie Scarola, and that he had only heard the name Morgenstern because he had

previously been approached by the FBI in February and asked if he knew that name.

### Memorandum of Law

Defendant argues that his post-arrest statements should be suppressed because they were made in violation of his right to remain silent and some, after he had requested an attorney.

The government does not dispute that the defendant was in custody at the time that he made the statements defendant seeks to suppress. However, the initial statement made by the defendant that he did not know Scarola was not in response to any questioning and therefore *Miranda* does not require its suppression. After *Miranda* warnings were given and the defendant requested an attorney, all questioning ceased. Any subsequent conversation and statements by the defendant were at his initiation and should not be suppressed.

*Miranda* protections only apply to individuals who are in custody and who are interrogated by law enforcement. *Miranda v. Arizona*, 384 U.S. 436, 492 (1966). The Supreme Court has defined interrogation as "express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). "The term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301. In this

instance, the defendant was neither subject to questioning nor its functional equivalent.

When the defendant was placed under arrest, he stated that he was confused as to how he could be involved. The agent merely responded that it had to do with the defendant's dealings with codefendant Scarola. That statement by the agent was not one that would have been reasonably likely to elicit an incriminating response. Therefore the defendant's gratuitous remark prior to being given his rights that he did not know Scarola should not be suppressed. *See e.g. United States v. Conley*, 156 F.3d 78, 84 (1st Cir. 1998) (Questioning of defendant regarding money in wallet prior to rights was informational inquiry incident to arrest; not suppressed); *United States v. Gelzer*, 50 F.3d 1133, 1138 (2d Cir. 1995), *vacated on other grounds* (Statement was volunteered and not the product of interrogation); *United States v. Benton*, 996 F.2d 642, 643-44 (3d Cir. 1993) (When asked what was going on and police responded that had seen defendant bend over, before rights given, police had not created a circumstance likely to elicit a statement therefore no suppression).

The subsequent remarks by the defendant took place after he had been given his *Miranda* warnings and had requested an attorney. It is axiomatic that all questioning of an arrested defendant by law enforcement must cease once the defendant demands the presence of his attorney. *Michigan v. Mosley*, 423 U.S. 96 (1975); *Minnick v. Minnesota*, 498 U.S. 146 (1990); *Mincey v. Head*, 206 F.2d 1106

(11th Cir. 2000); *Lighthouse v. Dugger*, 829 F.2d 1012 (11th Cir. 1987). However, even though law enforcement is precluded from further questioning, the accused may initiate further contact. *Henderson v. Singletary*, 968 F.2d 1070 (11th Cir.1992). Such an initiation of further discussions by a defendant after invoking the right to counsel can be construed as a waiver and any later statements are deemed admissible. *Edwards v. Arizona*, 451 U.S.477 (1981); *Basset v. Singletary*, 105 F.2d 1385, 1387 (11th Cir. 1997); *United States v. Valdez*, 880 F.2d 1230, 1233-34 (11th Cir. 1989).

In this case, the defendant certainly invoked his right to counsel after he was arrested. But there can be no doubt, even as set forth in defendant's motion at pages 2-3, that the defendant himself initiated further conversation about the charges against him. The defendant clearly waived his *Miranda* rights in this case.

An important element in assessing whether the defendant waived his rights is the background of the defendant. Here, the defendant is a twenty-five year veteran of the Margate Police Department.[1] It is self-evident that he was extremely knowledgeable about defendant's rights in criminal justice system. This fact alone is most persuasive in finding that the defendant waived any *Miranda*

---

[1] Defendant's argument that he was under intense pressure by the FBI at the time of arrest belies his background and experiences as a police officer. His further claim that the statements were made when the FBI agent had held a gun to his head is also ludicrous. There is no question that when the agents first entered his house, they had brandished their weapons. However once the defendant was placed under arrest, the weapons were all holstered.

5

rights he may have had. *United States v. Glover*, 104 F.3rd 1570, 1581-82 (10th Cir. 1997). Clearly, the defendant initiated the interrogation and, based upon his background and knowledge, he cannot now argue that he did not make a knowing and voluntary waiver of his rights.

## Conclusion

WHEREFORE, for all the foregoing reasons, the government respectfully requests that this Honorable Court deny defendant Clay's motion for suppression of statements.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 23rd day of October, 2001 to:

David Rothman, Esq.
First Union Financial Ctr.
200 S Biscayne Blvd., Ste 2690
Miami, FL 33131
(Counsel for John Mamone)

Jayne Weintraub, Esq.
100 S.E. 2nd St., Suite 3550
Miami, FL 33131
(Counsel for Joseph Russo)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Blvd
Miami, FL 33132
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Brian L. Tannebaum, Esq.
First Union Financial Center
200 South Biscayne Blvd.,#2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Jeffrey M. Harris, Esq.
One East Broward Blvd., #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Kenneth M. Swartz, Esq.
100 N. Biscayne Blvd.
21st Floor, New World Tower
Miami, FL 33132
(Counsel for John O'Sullivan)

Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Joseph S. Rosenbaum, Esq.
2400 South Dixie Highway, Suite 105
Miami, FL 33133
(Counsel for Anson Klinger)

David Tarlow, Esq.
801 Brickell Avenue, Suite 1901
Miami, FL 33131-2900
(Counsel for Frederick Scarola)

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Howard Srebnick, Esq.
201 S. Biscayne Blvd., Suite 1300
Miami, FL 33131
(Counsel for Doreen Russo)

DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY