**NIGHT BOX FILED**

JAN 0 9 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309◗CR-SEITZ (s) (s)

UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )
                             )
     v.                      )
                             )
CHARLES CLAY                 )
                             )
              Defendant.     )
                             )
                             )
                             )
                             )
                             )
_____    )

**SPECIALLY REQUESTED QUESTIONS TO THE PROSPECTIVE JURORS**

It is respectfully requested that the Court permit follow-up questions by counsel if any issues arise:

Voir Dire has "little meaning if not conducted by counsel." U.S. v. Ladee, 549 F.2d 990 (5th Cir. 1977). Other courts have required participation by the parties.

E.g. Oden v. State, 90 N.W.2d 356 (Neb. 1968); Griffin v. State, 389 S.W.2d 900 (Ark. 1965); Donovan v. People, 28 N.W. 964 (Ill. 1981). In some cases, especially where pretrial publicity or bias is involved, the Appellate Courts have found a judge's examination of jurors ineffective and stated that there are some circumstances where the defense must have the right to conduct the Voir Dire. Silverthorne v. United States, 400 F.2d 627 (9th Cir. 1968); Morford v. United States, 339 U.S. 258 (1950); U.S. ex rel



<u>Bloeth v. Denno</u>, 313 F.2d 364 (2d Cir. 1963).  There is at least one study which compared mock juries selected through attorney-conducted Voir Dire with mock juries selected without Voir Dire. Padawer-Singer, Alice et al. "Voir Dire by Two Lawyers:  An Essential Safeguard", 57 Judicature 386, April 1974.  The authors concluded that attorney-conducted Voir Dire minimized the effect of extraneous material (prejudicial publicity) on juror decision making, eliminated jurors who are easily swayed, sensitized others against group pressure, and, that jurors seated with attorney-conducted Voir Dire were "more aware of the importance of legal procedures and admissible evidence."

Nonverbal communication between attorneys and prospective jurors can be a telling indicator of potential bias.  Jurors who are biased or whose conclusions about a case will be based in their opinions of counsel, are more likely to display signs of tension, evasion or vert hostility when questioned directly by counsel.

Counsel are familiar with the issues, facts and methods of proof to be presented at trial.  They can develop an intimate understanding of what follow-up questions might be designed to reveal these biases.

### REQUESTED QUESTIONS

1.  How many of you have had a personal experience with a police officer?

2.  Was that an entirely positive experience?

3.  Did you think the police officer treated you fairly?

4.  Did you think that the police officer handled the matter

skillfully?

5.  Did you think the police officer handled the matter honestly?

6.  Was there more than one experience?

7.  Do you know any police officers?

8.  Do you, from any source, have any negative feelings toward police officers?

9.  Why?

10. Do you know anything of the City of Margate?

11.  Do you have any negative feelings toward the City of Margate?

12. Why?

13. Have you had any involvement with organized crime?

14. Do you have any fears or hatred of organized crime?

15.  Have you directly or indirectly been the victim of organized crime?

16. Do you place legal wagers from time to time, such as office football pools or parimutuel gambling?

17. Do you think that gambling is a serious problem for our society?

18. Would you not trust someone who gambles?

19. Would you be prejudiced against someone if you found out they gamble?

20. Do you think that a police officer should refrain from legal gambling?

21. Do you think that a police officer that gambled legally

3

is more likely to commit a crime than a police officer that does not gamble?

22. How many of you have problems with the concept of the Government's burden requiring proof beyond a reasonable doubt?

    a.   Do any of you think this is too high a burden?

    b.   If any of you thought the Defendant was probably guilty, but you had one solitary reasonable doubt concerning his guilt, would you hesitate to find him not guilty?

23. Would any of you feel comfortable in the community or with your friends or family if you felt compelled to reach a verdict of not guilty?

24. As you know, in a criminal case the defendant is granted the presumption of innocence. This is to say, the defendant is innocent until proven guilty. However, many people think that it is the job of the defendant to prove his innocence. In this particular case, do you think the Defendant should prove his innocence? Do you think that a Defendant who was a police officer has a greater duty to testify than other Defendants?

25. The Indictment in this case is not evidence of any kind. It is merely a piece of paper used to bring the Defendant into Court the same as a complaint in a civil case. Do you have the belief that because the person was indicted there must be sufficient evidence to find him guilty?

26. Could you describe your immediate family?

27. What is your religious preference?

28. What is your educational background?

29. To what clubs, societies, professional associations or other organizations do you belong?

30. What is your occupation and for how long have you been so engaged?

31. Is any member of the jury panel friendly, associated or related to anyone in the United States Attorney's Office or any law enforcement agency whether it be city, county, State or Federal?

32. Were any of you ever members of a law enforcement agency in life?

33. If any members answered "yes" to question #32, then the Defendant requests the following questions be propounded to that individual juror answering question 22 as "yes":

    a. In what capacity did you serve?

    b. What was the length of your service?

    c. What training, if any, was given to you by the law enforcement agency with which you served regarding courtroom procedure and manner and means of testifying in the courtroom?

34. Were you ever a witness in a criminal action for the United States Government or any subdivision thereof?

35. Were you ever a witness in a criminal action for any State or political subdivision thereof?

36. Do any of you believe that a police officer or an agent of the United States is capable of making a mistake, lying or distorting the facts?

37. If this case consisted of just two witnesses, and one witness was an agent of the United States Government and the other

was not, would any of you tend to give more credibility to the agent of the United States Government simply because he is an agent of the United States Government or police officer?

38.  Have you ever been a member of the Armed Forces?

39.  If any of the members answered "yes" to the question #38, then the Defendant requests that the following questions be propounded to that individual juror answering question #28 "yes":

   a.  In what branch of the military service did you serve?

   b.  For what length of time?

   c.  What was the highest rank of grade you attained?

   d.  Did you ever have an occasion to serve in the capacity of the military police?

   e.  Did you ever sit on a court martial board?

   f.  Were you ever a witness in the military service in a court martial proceeding?

   g.  Did you ever serve in the capacity of a prosecutor for an offense in violation of the Uniform Code of Military Justice?

40.  Are any of you acquainted with any witnesses for the prosecution?  It is further requested that the Court require the Government to produce the names of all the witnesses in order that the Court may identify these witnesses to the prospective panel in order that the Defendant may determine whether a Government witness is known to any member of the panel.

41.  Have any of you ever been a victim of a crime?  What

crime(s)?

42. Have any members of your family or close friends ever been victims of a crime? What crime(s)?

43. Have you or any member of your family ever been the complaining witness in a criminal case? What kind of case?

44. Have any of you ever served as a juror in a criminal case?

45. Have any of you ever served as a juror in a case involving conspiracy or narcotics?

46. Was any agreement as to a verdict reached in any case in which you served as a juror?

47. Do you like to read books or magazines? If so, what kind?

48. Have any of you worked more than seventy hours a week in the last year?

49. If so, are you tired now, or do you have too many responsibilities to concentrate on this case?

50. How many of you like to carefully plan your day or week?

51. Would it bother you and affect your ability to serve if you could not carry out your plan because jury service will disrupt your plan?

52. Do you like to travel?

53. Do you like to take trips on the spur of the moment?

54. Do you like tours or individual trips?

55. Are any of you in a position to supervise other people?

56. Would they be on your mind and distract you from

7

carefully considering the evidence?

57.  How many workers are under your supervision?

58.  Do you work under pressure or do you have a slower work pace?

59.  What personal achievements of yourselves or your family are you particularly proud of?

60.  Are there any personal deficiencies in yourself or other people that really bother you?

61.  If a co-worker is in a group with you and he or she does not do her or his assignment, would you turn her or him in or jointly take the blame for not finishing the project as a group?

62.  What if you were going to be fired without the prospect of another job?

63.  What if the co-worker was your best friend?

64.  Have you ever provided any State or Federal agency with any information that caused another to get in trouble?

65.  Does any vehicle you own, use or is used by or owned by your household, have a bumper sticker on it?  If so, what does it say?  (Defendant seeks by requesting this question to inquire as any message that would demonstrate a bias for or against the Defendant.)

66.  Have you ever been present at a location where something illegal or improper was taking place but you were not part of it?

Do you recognize that mere presence at the scene of the crime is not in and of itself reason to convict?

Respectfully submitted,

RICHARD A. HAMAR\JON MAY
Attorneys for CHARLES CLAY
2437 Briarcrest
Beverly Hills, CA 90210
(310) 550-0460

## CERTIFICATE OF SERVICE BY MAIL

PROOF OF SERVICE

I, Richard A. Hamar, declare:  I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On  January 9, 2002, I mailed the SPECIALLY REQUESTED VOIR DIRE QUESTIONS to DIANA FERNANDEZ and BRIAN McCORMICK, Assistant United States Attorney, located at 500 E. Broward Blvd.m 7th floor, Fort Lauderdale, Florida 33394 and all those on the service list. I declare under penalty of perjury under the laws  of the State of California that the foregoing is true and correct.

This was executed at Beverly Hills, CA.

_____
RICHARD A. HAMAR