UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
                    Plaintiff,
vs.                                          CASE NO. 00-6309-CR-SEITZ

CHARLES CLAY,
                    Defendant.
_____/

### Defendant Clay's Response to
### Morgenstern's Counsel's Motion to Withdraw

Comes Now Defendant Charles Clay, by and through his undersigned trial counsel, Richard Hamar, and responds to the motion to withdraw as follows:

### STATEMENT OF THE CASE

Defendant Charles Clay was arrested October 26, 2000 for assisting a bookmaking and loan/sharking organization, and for obstruction of justice. Approximately 445 days have passed since arrest. Clay remains at liberty on bond.

The initial lengthy continuance was caused by the necessity of review of 6000 secretly recorded phone conversations. Clay is not named in any of the conversations. There is a reference to a Margate Police Officer. Clay is a former Margate police officer.

This Court set a trial date for the two week calendar period of February 11, 2001. By the Court's action related to motion cut off dates, this date was thought to be a firm trial date. Defendant Clay previously moved for a severance. That motion

1

was denied. Since that time numerous defendants have pled guilty or have agreed to plead guilty. Approximately five defendants have not agreed to plead guilty.

Defendant Clay is prepared for trial, has advised the government of his exhibits and has submitted proposed voir dire questions to the Court.

## STANDING

Although Clay is not a party to the motion to withdraw, and personally does not care who represents Mr. Fred Morgenstern, the granting of the motion to withdraw will have substantial impact on the speedy trial right of Clay.

Clay, therefore, desires to state his position herein and at the hearing on the motion to withdraw which is set for January 11, 2002.

## CLAY'S POSITION IF THE MOTION TO WITHDRAW IS GRANTED

Defendant Clay is prepared for trial and vigorously objects to any continuance of the February 11, 2002 trial date.

If the motion to withdraw is granted, a severance for Clay is the appropriate decision.

## MEMORANDUM OF LAW

Delays of more than one year are presumptively prejudicial. *Dogget v. United States,* 505 U.S. 647 (1992); *United States v. Schlei*, 122 F.3d 944, 987 (11th Cir. 1997). Anxiety and concern can be considered as a ground for prejudice.

In the instant case, the defendant is a former police officer. Rather than

2

contest a dismissal prior to his criminal trial, the defendant resigned from his 21 year profession as a police officer.

The loss of his profession and the shame in the community merely as a result of the charges and resulting publicity are devastating. The only way to regain his profession and dignity is to prevail at trial. Each day in limbo is tantamount to incarceration.

Fed.R.Crim.P. 14 permits a court to order a separate trial. This court has broad discretion. In the instant case, Clay's case is distinct from the co-defendants. He is a former police officer. The co-defendants are allegedly part of organized crime.

The charges are also distinct. Clay is charged in two counts with merely assisting the organization by providing information that was most likely known publically. The co-defendants are charged in as many as 65 other charges as serious as racketeering, 18 U.S.C. 1961. The case against Clay will take three days to try. The case against the co-defendants will take three weeks to try.

Other defendants are involved in thousands of Title III intercepts. Clay was not intercepted on any of the Title III intercepts and his name is not mentioned on any intercept. *See United States v. Diaz-Munoz*, 632 F.2d 1330 (11th Cir. 1980). Therefore very little testimony would be duplicated if Clay were tried separately. Additionally, guilt by association and prejudicial spillover would be avoided.

Other co-defendants have recently changed counsel. New counsel for

3

Defendant Fred Morganstern will likely request a continuance.

## LOCAL RULE 88.9 CERTIFICATE

The undersigned personally met with A.U.S.A. Brian McCormick on January 8, 2002. During the discussion of the motion to withdraw, Mr. McCormick stated he was opposed to a severance of Mr. Clay even if other defendants obtain a continuance of the February 2002 trial date.

## CONCLUSION

Due to speedy trial concerns, prejudicial spillover, confusion and defendant Clay's anxiety and concern, the Honorable Court should use its broad discretion to grant a severance of defendant Clay from all others, despite the additional few day's imposition on the court's calendar, should this Court grant the motion to withdraw and continue the trial of the other defendants.

Respectfully submitted,

Richard Hamar, Esq.
Fla. Bar No. 127562
Maria Hamar, Esq.
Fla. Bar.No. 367214
2437 Briarcrest Rd.
Beverly Hills, CA 90210
310.550.0460 office

Jon May, Esq
110 SE 6th Street
Suite 1970
Fort Lauderdale, Fla. 33301.
Fla. Bar No. 276571
954.761.7201 office
954.767.8343 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2002, a true and correct copy of the foregoing was hand delivered to:

Assistant U.S. Attorney
Brian McCormick
299 East Broward Blvd.
Fort Lauderdale, Fla. 33301

Jon May, Esq.