NIGHT BOX FILED
JAN 31 2002
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                            CASE NO. 00-6309-CR-SEITZ

CHARLES CLAY,
        Defendant.
_____/

**DEFENDANT CHARLES CLAY'S MOTION FOR ORDER SETTING TRIAL OF THE INSTANT CASE TO BEGIN ONE WEEK FOLLOWING THE CONCLUSION OF THE TRIAL IN THE CASE OF *UNITED STATES V. SAMHAN*, CASE NO. 00-06211-CR-HURLEY**

Defendant Charles Clay, by and through the undersigned counsel, respectfully requests that this Court postpone the trial of this cause until one week following the conclusion of the trial in *United States v. Samhan*, Case No. 00-06211-CR-HURLEY (expected to end the first week of March, 2002) in order to guarantee Charles Clay his Sixth Amendment right to counsel of his choice and effective representation. In support of this motion, the defendant would show the following:

1. As the attached declaration of defendant Charles Clay demonstrates, defendant Clay has at all times expected that he would be represented at trial by attorney Richard Hamar. Indeed Mr. Clay hired Attorney Hamar to try his case because of Mr. Hamar's experience and reputation representing police officers in

1



corruption cases. Attorney Jon May was retained solely to act as local counsel and to assist in the preparation and presentation of various motions. At no time did Mr. Clay anticipate that Mr. May would replace Mr. Hamar to try his case nor does he desire to have any other counsel, including Mr. May, represent him at trial.

2. As the attached declaration of attorney Jon May demonstrates, attorney May is completely unprepared to represent Mr. Clay at trial. From the beginning of this case, Mr. May's role has been limited to assisting attorney Hamar in the presentation of legal issues. To that end, Mr. May's review of the discovery has been limited to 404b evidence, three of the some 6000 recorded conversations, and the items discovered during the search of the defendant's residence and patrol car (which were the subject of the motion to suppress). Because at all times counsel believed that attorney Hamar would be trying this case, it has been Mr. Hamar's job to review the massive amount of evidence disclosed by United States. With 10 days left before trial, it is physically impossible for Attorney May to render effective assistance of counsel in the time remaining.

3. From the tenor of this Court's order of January 16, 2002, it appears that this Court has some doubt as to the sincerity of the representations made by counsel in prior pleadings. In order to clear up any misconception this Court might have, counsel would state the following.

a. As indicated in the Notice of Conflict, Attorney Richard Hamar is ready to try Mr. Clay's case and would have been available to try Mr. Clay's case on

February 11, 2002 but for Judge Hurley ordering Mr. Hamar to trial on February 4, 2002 in the case of *United States v. Samhan*, 00-06211-CR-HURLEY.

 b. Attorney Hamar had previously advised Judge Hurley of the February 11 trial date before this Court. Judge Hurley stated that counsel could not be expected to be in two places at once and indicated that the "judges had a way of working out these problems among themselves." Based upon what Judge Hurley stated at the status conference, Mr. Hamar thought that Judge Hurley would speak to this Court and reach an accommodation concerning the order of trials. Based upon that understanding, Mr. Hamar withdrew Charles Clay's previous demand to begin trial on the February 11 date.

 c. It appears that this Court has interpreted some of what counsel said in the Notice of Conflict as being inconsistent with the position taken in their Response to defendant Morgenstern's Counsel's Motion to Withdraw. Counsel, however, did not intend to retreat from their client's desire that Morgenstern's change of counsel not result in a lengthy delay of his trial. Rather, counsels' position was merely a concession to reality–that in the face of a court order by a United States District Judge, the defendant had to either agree to some delay in his trial or be denied counsel of his choice.

 d. In its January 16 order, this Court mused that the defendant "appears to be waiving his speedy trial demand so vigorously demanded four days earlier" and that "it appears that he is now laying the groundwork for a continuance" on the

grounds that Fred Morgenstern's new counsel needs additional time. The undersigned counsel are at a loss to understand how this Court could have reached such a conclusion in view of the last statement in counsels' Notice of Conflict in which counsel specifically stated that counsel was "willing and able" to "try these matters back-to-back and needs a determination by the two courts as to the order of the two trials." To whatever extent that this Court thought that the undersigned counsel were engaged in some sort of gamesmanship in regards to the Court's calendar, the undersigned counsel hopes that the foregoing will have caused this Court to reconsider.

4. Attorney Richard Hamar does not seek a lengthy continuance of the instant trial, does not want a lengthy continuance of the instant trial, but cannot be in two places at once. To the extent that counsel does seek a short postponement of the instant case, it is solely to provide Mr. Clay his constitutional right to effective assistance of counsel and counsel of his choice as guaranteed by the Sixth Amendment.

### MEMORANDUM OF LAW

In *United States v. McCutcheon*, 86 F.3d 187 (11th Cir. 1996), the Eleventh Circuit stated:

> The constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: the right to counsel, Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158

(1932), the right to effective assistance of counsel, the right to a preparation period sufficient to ensure a minimal level of quality of counsel, and the right to be represented by counsel of one's own choice, Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680 (1942).

As the Eleventh Circuit has observed, "it has long been recognized that a criminal defendant has a right to retain counsel of his choice." *United States v. Koblitz*, 803 F.2d 1523, 1527 (11th Cir. 1986). Of course, the right to counsel of one's choosing is not absolute, "It must be balanced against the government's interest in the fair, orderly, and effective administration of the courts which, in a given case, may require an accused to resort to his second choice of counsel." *Id*. However in balancing these interests, a trial court cannot "acting in the name of calendar control...arbitrarily and unreasonably interfere with a client's right to be represented by the attorney [the client] has selected." *Id*, quoting, *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1991). Indeed, in *Wheat v. United States*, 486 U.S. 153, 160 (1988), the Supreme Court characterized the Sixth Amendment's guarantee of counsel as a "presumption in favor of counsel of choice."

Counsel knows of no reason why trial of this cause must begin on February 11, 2002. The government has not sought to have the case begin on that date and indeed has not opposed the motions for continuance presently before this Court. Moreover, it is counsels' understanding that Judge Leonard's case has priority over the instant case and that as a result Attorney David Tarlow will be starting trial before Judge Leonard on February 11, 2001. If this Court goes forward with this

case, this Court will have to grant a severance for defendant Scarola which will result in multiple trials. It may well be that multiple trials are unavoidable in any event, but if there are to be two trials, there is no reason why Mr. Clay's trial must be the one starting on February 11.

To the extent that this Court is concerned about a lengthy continuance of the proceedings, no such delay is requested. Counsel is only seeking to have the instant case begin after the trial before Judge Hurley is completed. The extent of the postponement requested herein is a fraction of what this Court is being asked to grant to newly appointed counsel who are not prepared to go to trial anytime in the near future.

The instant case is further complicated by a second constitutional issue. This Court has previously permitted counsel for all defendants a substantial period of time to prepare due to the massive amount of evidence including 6000 recorded conversations. In the instant case, Mr. Hamar, counsel of choice for Mr. Clay, has reviewed the recorded conversations, not Mr. May–the Court's ad hoc choice of counsel for Mr. Clay. Thus Mr. Clay will be denied effective assistance of counsel should he be forced to go to trial with Mr. May has his attorney.

A reasonable alternative satisfies both Mr. Clay's Sixth Amendment right to counsel of his choice and his Sixth Amendment right to effective assistance of counsel. If the trial of this cause trails the trial of *United States v. Sanhan*, both Sixth Amendment rights would be satisfied. The *Sanhan* trial will likely terminate by

March 4th, 2001. This is only three weeks after this Court's preferred date of February 11, 2001.

WHEREFORE defendant Charles Clay respectfully requests that this Court postpone the trial of this cause until such time as Attorney Richard Hamar is available to represent him at trial.

### 88.9 CERTIFICATE

The undersigned counsel has spoken to AUSA Brian McCormick who states that the government takes no position on the postponement sought herein

Respectfully submitted,

Jon May, Esq

Richard Hamar, Esq.
Fla. Bar No. 127562
Maria Hamar, Esq.
Fla. Bar.No. 367214
2437 Briarcrest Rd.
Beverly Hills, CA 90210
310.550.0460 office

110 SE 2nd Street
Suite 1970
Fort Lauderdale, Fla. 33301.
Fla. Bar No. 276571
954.761.7201 office
954.767.8343 fax

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2002, a true and correct copy of the foregoing was sent by U.S. mail to the attached service list:

Jon May, Esq.

7

SERVICE LIST IN RE: USA V. CHARLES CLAY CASE NO. 00-6309-CR-SEITZ

H. BRIAN McCORMICK, AUSA
500 E. BROWARD BLVD. #700
FT. LAUDERDALE, FL. 33394

HOWARD SREBNICK, ESQUIRE
201 S. BISCAYNE BLVD. #1300
MIAMI, FL. 33131

PHILIP R. HOROWITZ, ESQUIRE
9130 S. DADELAND BLVD.
TWO DATRAN CTR-#1910
MIAMI, FL. 33156

DAVID TARLOW, ESQUIRE
801 BRICKELL AVE. # 1910
MIAMI, FL. 33131

EMMANUEL PEREZ
2121 PONCE DE LEON BLVD.
SUITE 920
CORAL GABLES, FL. 33134

RICHARD HAMAR, ESQUIRE
2437 BRIARCREST RD.
BEVERLY HILLS, CA. 90210

JEFFREY M. HARRIS, ESQUIRE
ONE EAST BROWARD BLVD.
SOUTH TRUST TOWER #925
FT. LAUDERDALE, FL. 33301

JAMES BENJAMIN, ESQUIRE
1 FINANCIAL PLAZA, # 1615
FT. LAUDERDALE, FL. 33394

WILLIAM NORRIS, ESQUIRE
7685 SW 104 STREET #104
MIAMI, FL. 33156

BRIAN TANNENBAUM, ESQ.
FIRST UNION FINANCIAL CTR.
200 S. BISCAYNE BLVD. #2690
MIAMI, FL. 33131

SCOTT SAKIN, ESQUIRE
1411 NW NORTH RIVER DRIVE
MIAMI, FL. 33125

JOSEPH ROSENBAUM, ESQUIRE
2400 S. DIXIE HIGHWAY # 105
MIAMI, FL. 33133

JAYNE C. WEINTRAUB, ESQ.
100 SE 3RD STREET #3550
MIAMI, FL. 33131

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
         Plaintiff,
vs.                                     CASE NO. 00-6309-CR-SEITZ

CHARLES CLAY,
         Defendant.
_____/

**DECLARATION OF CHARLES CLAY**

I, Charles Clay, defendant in the instant proceedings, state that the following is true:

1. I was referred to Attorney Richard Hamar by an individual who has substantial experience as a law enforcement officer.

2. This individual was personally familiar with Mr. Hamar's reputation and experience having provided investigative services to Mr. Hamar in two federal jury trials where a police officer was a defendant. One trial lasted 15 weeks and involved 90,000 pages of discovery. In that case the defendant was accused of participating in the largest theft of drugs from a police evidence locker in California history.

3. I personally met with Mr. Hamar one day after my arrest in Fort Lauderdale, Florida. After meeting with Mr. Hamar I was convinced that he was the best attorney I could find to represent me.

4. Because I wanted Mr. Hamar to represent me, I sold my only real estate

1

to partially pay to have the law firm of Hamar and Hamar as my trial counsel.

5. In addition, after disclosure of the retainer, the Police Benevolent Association agreed to supplement the legal fee by paying Hamar and Hamar an hourly fee plus costs.

6. Mr. Hamar introduced me to Attorney Jon May on the day that I met Mr. Hamar.

7. On that date it was agreed and understood among Mr. Hamar, Mr. May and myself that Mr. Hamar would be the trial attorney responsible for all aspects of trial preparation including the investigation.

8. Mr. Hamar, Mr. May and I agreed that Mr. May would act as local counsel and assist Mr. Hamar in the research and preparation of legal issues. Mr. Hamar was to be lead counsel and Mr. May would work under his direction. Mr. May was not to take any actions without consulting first with Mr. Hamar who was responsible for making all final decisions with my consent.

9. Mr. Hamar has had sole and exclusive responsibility to prepare to examine witnesses at hearings and at trial. At the only evidentiary hearing thus far (involving a motion to suppress evidence,) Mr. Hamar handled the cross-examination and presentation of evidence.

10. From the very beginning I have expected that Mr. Hamar would represent me at trial. My retainer agreement with Mr. Hamar states that Mr. Hamar will represent me at trial and Mr. May would assist Mr. Hamar with legal issues. At every

meeting with Mr. Hamar and Mr. May it has been understood that Mr. Hamar would prepare the case and Mr. May would assist with research and the preparation and presentation of legal issues.

11. I do not want any other lawyer to represent me at trial, including Mr. May. I am aware that there are some 6000 recorded conversations and that Mr. Hamar has exclusively reviewed the discovery. I am also aware that Mr. May has not reviewed the discovery and is not prepared to try this case. I have no confidence that Mr. May could competently represent my interests at trial should the Court force him to be my attorney.

This declaration is made under penalty of perjury.

_Charles Clay_    01/31/02
Charles Clay    Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff,
vs.                                                        CASE NO. 00-6309-CR-SEITZ

CHARLES CLAY,
        Defendant.
_____/

**DECLARATION OF JON MAY**

I, Jon May, co-counsel in the instant proceedings, state that the following is true:

1. I was retained solely to assist Attorney Richard Hamar in preparation and presentation of legal issues. As reflected in the retainer agreement, I was not hired to represent Mr. Clay at trial.

2. Since I was not retained to try the instant case, my review of the government's discovery has been limited to 404b evidence, three of some 6000 recorded conversations, and the items discovered during the search of the defendant's residence and patrol car (which was the subject of the motion to suppress). Moreover, all of the tapes and transcripts provided by the United States were sent to Mr. Hamar in California for his review and I have not examined any of this material.

3. I am not prepared to try Mr. Clay's case. Nor is it possible for me to

1

become prepared in the time remaining. Under these circumstances, I do not believe that I can render effective assistance of counsel if I am required to act as trial counsel on behalf of Mr. Clay.

4. I am also aware that Mr. Clay does not want me to represent him at trial which places me in the untenable position of being forced upon an individual who has no confidence in my ability to competently represent him.

This declaration is made under penalty of perjury.

_____  2/1/02
Jon May            Date

2